IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-CV-3028-LTB-NYW

MARK D. REMALY, an individual

       Plaintiff(s),

v.

EQUIFAX INFORMATION SERVICES, LLC, a Georgia limited liability company; and WYNDHAM RESORT DEVELOPMENT CORPORATION d/b/a WorldMark by Wyndham, an Oregon corporation,

       Defendant(s).

---

### ~~PROPOSED~~ SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

December 14, 2020 at 1:00 p.m.

| | |
|---|---|
| Daniel J. Vedra<br>Vedra Law LLC<br>1444 Blake Street<br>Denver, Colorado 80202<br>303-937-6540<br>dan@vedralaw.com<br>**Attorneys for Plaintiff** | Coleman T. Lechner<br>Foley & Lardner LLP<br>600 17th St., Suite 2020S<br>Denver, Colorado 80202<br>720.437.2006<br>clechner@foley.com<br>**Attorneys for Defendant Wyndham** |

### 2. STATEMENT OF JURISDICTION

Jurisdiction is proper in this Court based on 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs:  Plaintiff brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA").  Plaintiff twice purchased, and twice cancelled or rescinded, an interest in a timeshare or vacation rental scheme with Defendant Wyndham Resort Development Corporation d/b/a WorldMark by Wyndham ("Wyndham").  Although Wyndham confirmed, in writing, that the contracts had been cancelled or terminated, and no balance was due on the contracts, Wyndham sent a demand letter to Plaintiff seeking payment on part of the contracts, and then reported that Wyndham had "involuntarily repossessed" Plaintiff's ownership in the timeshare scheme.  This harmed Plaintiff's credit standing, which is otherwise outstanding.  He repeatedly disputed the negative credit reporting through both TransUnion and Equifax, but only TransUnion deleted this inaccurate reporting from his credit file.  Following multiple disputes, Wyndham voluntarily agreed to ask Equifax to suppress the credit reporting, and Equifax did.  By that time, Plaintiff had been denied a checking account (to his great embarrassment) and was unable to apply for a mortgage to purchase a home in an appreciating market because he correctly feared that he would be denied a mortgage.  This suit followed.  He has settled with Equifax.

b. Defendants: Wyndham and Plaintiff entered into a timeshare agreement in October 2017.  Following exchanges regarding the bonus credits that Plaintiff states he was advised would be in the agreement, in February 2018, Wyndham provided a new contract to address Plaintiff's concerns (the "new agreement"). Plaintiff was advised that upon agreeing to the new agreement that the money he placed in the original agreement would be transferred to the new agreement, and the original agreement would be closed.  Following the execution of the new agreement, Plaintiff exercised his option to rescind the new agreement.  By rescinding the new agreement, the parties were returned to the position that they were in before entering into the new agreement, and, therefore, their rights and obligations reverted back to the original agreement. Plaintiff wrongfully assumed that because he entered into the new agreement and then rescinded it per the terms of the new agreement, that he no longer had any contractual obligations to Wyndham. No terms contained in the new agreement conferred any right to Plaintiff to avoid the standard operation of rescission law, which returns parties to the position they were in before the creation of the rescinded contract. Likewise, no terms contained in the new agreement advised Plaintiff that by rescinding the new agreement he would be able to also rescind the underlying agreement outside of its statutory

rescission period. After the rescission of the new agreement, Wyndham requested that Plaintiff make due and owing payments on the original agreement, which he did not. Following Wyndham's reporting of Plaintiff's delinquency to credit reporting agencies, Wyndham terminated the original agreement due to nonpayment and reported a repossession of Plaintiff's timeshare interest in January 2020. Plaintiff disputed the repossession reporting on his credit file to Equifax multiple times. Each time, Equifax provided Wyndham with information concerning Plaintiff's dispute. Upon receipt of each dispute from Equifax, Wyndham conducted a reasonable investigation and timely reported back to Equifax. With each dispute, both Equifax and Wyndham concluded that Wyndham's reporting was accurate. Plaintiff also raised his dispute directly with Wyndham several times, and, Wyndham opened its own case to investigate Plaintiff's claims. Ultimately, Wyndham determined that it had handled the situation properly Finally, as a gesture of good will, in August 2020, Wyndham notified Plaintiff that, despite finding that no wrongdoing had occurred by Wyndham, all monies paid by Plaintiff to Wyndham would be refunded, and that Wyndham requested that any negative reporting Wyndham placed on Plaintiff's credit be removed. Despite this gesture of good will, which is in no way to be construed an admission of liability by Wyndham, this lawsuit followed. Because Wyndham conducted reasonable investigations concerning Plaintiff's disputes, Plaintiff is not entitled to any damages. Wyndham states that this is not a complete recitation of all of its defenses, and Wyndham anticipates raising further defenses, and reserves its right to raise additional defenses, as this matter proceeds.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

## 5. COMPUTATION OF DAMAGES

Plaintiff seeks damages as follows:

Actual damages under 15 U.S.C. § 1681o(a) comprised of loss of credit opportunities in the amount of approximately $64,485.00 and emotional distress in an amount to be determined at trial but estimated to be at least $80,000.00.

Punitive damages under 15 U.S.C. § 1681n(a)(2), in an amount to be set by the Court.

Attorney fees and costs as permitted by 15 U.S.C. § 1681n, 1681o.

Wyndham does not assert damages at this time.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

Date of Rule 26(f) meeting.  Counsel for Plaintiff and Wyndham spoke on November 13, 2020, exchanged e-mails thereafter, and spoke again on December 4, 2020.

a.  Names of each participant and party he/she represented.

| | |
|---|---|
| Daniel J. Vedra | Coleman T. Lechner |
| Vedra Law LLC | Foley & Lardner LLP |
| 1444 Blake Street | 600 17th St., Suite 2020S |
| Denver, Colorado 80202 | Denver, Colorado 80202 |
| 303-937-6540 | 720.437.2006 |
| dan@vedralaw.com | clechner@foley.com |
| **Attorneys for Plaintiff** | Attorneys for Defendant Wyndham |

b.  Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Plaintiff made Rule 26(a)(1) disclosures on November 30, 2020.

Wyndham's Rule 26(a)(1) disclosures were made by December 4, 2020.

c.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

The parties agree that Wyndham's disclosures are timely.

d.  Statement concerning any agreements to conduct informal discovery:

The parties have not made any agreements to conduct informal discovery.

e.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties have agreed that depositions may be taken remotely for all witnesses, whether expert or lay.  To the extent in-person depositions can be done

safely and within the bounds of the applicable City and/or State public health orders, Wyndham requests that it be granted leave to make a request of the Court to take the depositions of Plaintiff and Plaintiff's witnesses in person.

The parties have agreed to service of written discovery requests and written discovery responses by email. The parties agree to work in good faith regarding the mode in which the parties exchange documents.

    g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff and Wyndham believe that the production of ESI in its native format will not be necessary in this case. If, however, Plaintiff or Wyndham believes that ESI should be provided on a particular document, the parties will confer by telephone or in person. If the parties are unable to agree, they will set a conference with the Court in accordance with the Court's discovery protocols.

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Plaintiff has provided a settlement demand to Wyndham and the parties anticipate discussing settlement.

## 7.
## CONSENT

All parties HAVE NOT consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

No more than five fact witness depositions per side plus depositions of any experts. <u>Each party may serve up to twenty-five (25) interrogatories, including discrete subparts.</u><s>The parties agree to the limitations and requirements on interrogatories set forth in FRCP 33.</s>

      b.      Limitations which any party proposes on the length of depositions.

The parties agree to the requirements and limits of FRCP 30.  <u>Each deposition may last up to one day of seven hours.</u>

      c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

A limit of 25 Requests for Production and 25 Requests for Admission except that either party may serve an unlimited number of requests to admit the authenticity of documents provided that the requests are not intended to harass the receiving party.

      d.      Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

All written discovery requests must be served forty-five days before the discovery cutoff.

      e.      Other Planning or Discovery Orders

All depositions may be taken remotely except the parties request they be granted leave of Court to request in-person depositions if doing so can be done safely and within the bounds of State and/or City public health orders regarding COVID.  Service of any written discovery can be effectuated via email.

No written discovery may be served until the Court has entered the scheduling order.

<u>The Parties will submit the proposed Protective Order for court's consideration no later than December 21, 2020.</u>

### 9. CASE PLAN AND SCHEDULE

      a.      Deadline for Joinder of Parties and Amendment of Pleadings:

February 12, 2021.

      b.      Discovery Cut-off:

~~Plaintiff:  Plaintiff proposes that all discovery be completed by~~ June 14, 2021.

~~Defendant:  Wyndham requests 2 cut-offs.  Fact discovery cut-off and Expert Discovery~~

~~cut-off~~

~~May 14, 2021 for fact discovery.~~

~~June 4, 2021. Deadline for the parties to provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C)~~

~~July 2, 2021. Deadline for the parties to provide full and complete rebuttal expert disclosures, as required by Rule 26(a)(2)(A)-(C)~~

~~August 2, 2021. Deadline for the completion of expert depositions.~~

    c.    Dispositive Motion Deadline:

~~Plaintiff: Plaintiff proposes that dispositive motions shall be made thirty days after the completion of discovery, or~~ July 14, 2021.

~~Defendant:~~
~~September 2, 2021. Wyndham requests this deadline be pushed farther out to this date given the potential expert discovery proposed by Plaintiff~~

    d.    Expert Witness Disclosure

        1.    The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff: Plaintiff may designate an expert in economic damages for loss of credit opportunities and emotional distress. This may be the same expert but may be two different individuals. Plaintiff may designate an expert in conducting a reasonable reinvestigation of a credit dispute.

Defendant: Wyndham anticipates designating a damages expert and rebuttal experts as may or may not be necessary. Wyndham reserves its right to identify further fields of expert testimony as necessary.

        2.    Limitations which the parties propose on the use or number of expert witnesses.

~~Plaintiff: Plaintiff proposes~~ No more than three (3) retained experts per side.

        3.    The parties shall designate all experts and provide opposing

counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before.

~~Plaintiff:  Plaintiff proposes that affirmative experts be disclosed on or before~~ April 12, ~~2021~~.  <u>This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).</u>

~~Defendant:  Wyndham proposes that affirmative experts be disclosed June 4, 2021~~.

4.  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before.  <u>This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).</u>

<u>Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report</u>.

~~Plaintiff:  Plaintiff proposes that rebuttal experts be disclosed on or before~~ May 10, 2021.

~~Defendant:  Wyndham proposes that rebuttal experts be disclosed July 2, 2021~~.

    e.    Identification of Persons to Be Deposed:

Plaintiff:

A Rule 30(b)(6) Representative of Defendant Wyndham.

A Rule 30(b)(6) Representative of Equifax Information Services, LLC.

Levelyn Barber.

Defendant Wyndham:

Plaintiff Mark D. Remaly

A Rule 30(b)(6) Representative of Equifax Information Services, LLC

Plaintiff's experts, if any

Individuals identified in Plaintiff's Rule 26 disclosures and/or individuals identified through the course of discovery

## 10.  DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

                                                                                               .

b. A final pretrial conference will be held in this case on <u>August 16, 2021</u> at <u>10:00</u> o'clock <u>a</u>.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipated length of trial and whether trial is to the court or jury.

~~Plaintiff:~~ Five days to a jury.  <u>A five-day jury trial is set to commence on April 4, 2022 before the Honorable Lewis T. Babcock.  A Trial Preparation Conference Is set for March 4, 2022 at 9:00 a.m. before Judge Babcock.</u>

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal

Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse
1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

### 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 15th day of December, 2020.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| /s/ Daniel J. Vedra | /s/ Coleman T. Lechner |
| Daniel J. Vedra | Coleman T. Lechner |
| Vedra Law LLC | Foley & Lardner LLP |
| 1444 Blake Street | 600 17th St., Suite 2020S |
| Denver, Colorado 80202 | Denver, Colorado 80202 |
| 303-937-6540 | 720.437.2006 |
| dan@vedralaw.com | clechner@foley.com |
| **Attorneys for Plaintiff** | Attorneys for Defendant Wyndham |