**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-3028-LTB-NYW

MARK D. REMALY, an individual,

    Plaintiff,

 v.

EQUIFAX INFORMATION SERVICES, LLC,
A Georgia limited liability company; and
WYNDHAM RESORT DEVELOPMENT CORPORATION
d/b/a Worldmark by Wyndham, an Oregon Corporation

    Defendants.

---

**DEFENDANT WYNDHAM RESORT DEVELOPMENT CORPORATION D/B/A
WORLDMARK BY WYNDHAM ANSWER AND AFFIRMATIVE DEFENSES**

---

Defendant Wyndham Resort Development Corporation d/b/a Worldmark by Wyndham ("Wyndham"), for its answer to the Complaint filed by Plaintiff Mark D. Remaly, states as follows:

INTRODUCTION

1. Wyndham admits that Plaintiff purports to bring a claim against Wyndham under the Fair Credit Reporting Act ("FCRA"), admits that that it furnished negative credit information to Equifax Information Systems LLC ("Equifax"), and admits that Plaintiff owed Wyndham money under a timeshare membership agreement. Wyndham denies the remaining allegations in Paragraph 1.

2. Wyndham admits that it supplied information to Equifax and Transunion concerning Plaintiff. Wyndham denies that the information supplied to Equifax and Transunion

1

4839-4355-4516.2

was false and/or inaccurate and/or could not be verified.  Wyndham denies that it caused harm to Plaintiff's credit standing.  Wyndham denies knowledge or information sufficient to form a belief as to the truth of the allegations surrounding what actions Equifax and/or Transunion took concerning Plaintiff's credit file, and, therefore, denies the same.

## JURISDICTION

3. Wyndham admits that this Court has federal question jurisdiction to hear claims regarding alleged violations of the FCRA.

4. Wyndham does not dispute that the District of Colorado is a proper venue for Plaintiff's claim.

## PARTIES

5. Wyndham denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies them.

6. Wyndham denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies them.

7. Wyndham denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies them.

8. Wyndham admits the allegations in Paragraph 8.

9. Wyndham admits the allegations in Paragraph 9.

## FACTS

10. Wyndham admits that Plaintiff purchased a timeshare ownership agreement from Wyndham on or about October 12, 2017, but denies the remaining allegations in Paragraph 10.

11. Wyndham denies the allegations in Paragraph 11.

12. Wyndham admits that upon execution and performance of the revised agreement in February 2018, that the revised agreement would take the place of the agreement executed on

October 12, 2017.  Wyndham denies the remaining allegations in Paragraph 12.

13. Wyndham admits that the parties entered into a revised agreement for the Plaintiff's timeshare ownership, and that, upon performance of the revised agreement, the first agreement would be closed.  Wyndham denies the remaining allegations in Paragraph 13.

14. Wyndham denies that the first agreement was rescinded, and affirmatively states that it would be closed upon Plaintiff executing and performing under the terms of the revised agreement.  Wyndham denies the remaining allegations in Paragraph 14.

15. Wyndham denies that the revised agreement was deficient, and refers to the original agreement and revised agreement for true and correct statements of their terms.  Wyndham denies the remaining allegations in Paragraph 15.

16. Wyndham admits that Plaintiff purports to have exercised his option to rescind the revised agreement.  Wyndham further states that the rescission of the revised agreement, if properly effectuated, returned the parties to their original positions under the original agreement.  Wyndham denies that Plaintiff properly rescinded the revised agreement.  Wyndham denies the remaining allegations in Paragraph 16.

17. Wyndham denies the allegations in Paragraph 17.  Wyndham states that if Plaintiff performed under the revised agreement that the original agreement would be closed.

18. Wyndham admits that the revised agreement was purportedly rescinded by Plaintiff, but that the parties returned to their original positions under the original agreement.  Wyndham denies that Plaintiff properly rescinded the revised agreement, and, even if he had properly done so, the parties returned to their obligations under the original agreement.  Wyndham denies any remaining allegations in Paragraph 18.

19. Wyndham admits that it sent Plaintiff notices for payment under the original agreement, and denies the remaining allegations in Paragraph 19.

20. Wyndham admits the allegations in Paragraph 20.

21. Wyndham denies the allegations in Paragraph 21.

22. Wyndham admits that it furnished information to Equifax concerning a repossession of Plaintiff's timeshare agreement, and denies the remaining allegations in Paragraph 22.

23. Wyndham denies the allegations in Paragraph 23.

24. Wyndham denies that it submitted inaccurate credit reporting to Equifax, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and, therefore, denies them.

25. Wyndham admits that Equifax contacted Wyndham concerning Plaintiff's dispute to Equifax, and Equifax supplied Wyndham with information concerning Plaintiff's dispute. Wyndham denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore denies them.  Wyndham states, that upon receiving information from Equifax concerning Plaintiff's dispute, Wyndham conducted a timely and reasonable investigation into the dispute.

26. Wyndham denies it engaged in inaccurate credit reporting, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and, therefore, denies them.

27. Wyndham denies it engaged in inaccurate credit reporting, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and, therefore, denies them.

28. Wyndham admits that Equifax contacted Wyndham concerning Plaintiff's dispute to Equifax, and Equifax supplied Wyndham with information concerning Plaintiff's dispute. Wyndham denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and, therefore, denies them.  Wyndham states, that upon receiving information from Equifax concerning Plaintiff's dispute, Wyndham conducted a timely

and reasonable investigation into the dispute.

29. Wyndham denies that it engaged in inaccurate credit reporting, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and, therefore, denies them.

30. Wyndham denies that it engaged in inaccurate credit reporting, denies that the agreement upon which the credit reporting was based was rescinded, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and, therefore, denies them.

31. Wyndham admits that Equifax contacted Wyndham concerning Plaintiff's dispute to Equifax, and Equifax supplied Wyndham with information concerning Plaintiff's dispute. Wyndham denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and, therefore, denies them.  Wyndham states, that upon receiving information from Equifax concerning Plaintiff's dispute, Wyndham conducted a timely and reasonable investigation into the dispute.

32. Wyndham denies that it engaged in inaccurate credit reporting, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and, therefore, denies them.

33. Wyndham denies that no repossession occurred, denies that no balance was owed, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and, therefore, denies them.

34. Wyndham denies the allegations in Paragraph 34.

35. Wyndham admits that each time it received an inquiry regarding Plaintiff from Equifax that it timely reviewed the inquiry, conducted a reasonable investigation, and properly reported back its findings, and, therefore, did not list the entry as disputed until the third, separate inquiry. Wyndham denies any remaining allegations in Paragraph 35.

36. Wyndham denies it engaged in erroneous reporting on Plaintiff's account, and denies that no repossession occurred or could have occurred. Wyndham denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at Equifax in Paragraph 36 and, therefore, denies them. Wyndham states that it conducted a timely and reasonable investigation.

37. Wyndham denies the allegations in Paragraph 37 that are directed to it. Wyndham denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at Equifax in Paragraph 37 and, therefore, denies them

38. Wyndham denies knowledge or information sufficient to form a belief as to the truth of the allegations directed in Paragraph 38 and, therefore, denies them.

39. Wyndham denies knowledge or information sufficient to form a belief as to the truth of the allegations directed in Paragraph 39 and, therefore, denies them.

40. Wyndham admits that, in a gesture of good will, it removed its negative reporting on Plaintiff's credit report, but denies the remaining allegations in Paragraph 40. Wyndham further states that the Florida Attorney General's Office did not find any wrongdoing on Wyndham's part and that the Florida Attorney General's Office closed Plaintiff's complaint without requiring further response from Wyndham. In addition, in a gesture of good will, Wyndham returned to Plaintiff the amounts paid by Plaintiff to Wyndham.

41. Wyndham admits that Paragraph 41 purports to state that Wyndham and its representatives are not requested to or authorized to access Plaintiff's credit file on or after the date of the filing of the Complaint. Wyndham denies that it is legally required to obtain Plaintiff's consent: (1) as long as Wyndham has a permissible purpose pursuant to the Fair Credit Reporting Act; or (2) to access information that Wyndham has reported to consumer reporting agencies regarding Plaintiff's timeshare agreements with Wyndham.

## COUNT I

(Violation of 15 U.S.C. § 1681i – Against Equifax)

42. Wyndham incorporates by reference its responses to Paragraphs 1-41 as if fully set forth herein.

43. Wyndham states that Count I, Paragraph 43 is directed to Equifax and no response is required.

44. Wyndham states that Count I, Paragraph 44 is directed to Equifax and no response is required.

45. Wyndham states that Count I, Paragraph 45 is directed to Equifax and no response is required.

46. Wyndham states that Count I, Paragraph 46 is directed to Equifax and no response is required.

47. Wyndham states that Count I, Paragraph 47 is directed to Equifax and no response is required.

48. Wyndham states that Count I, Paragraph 48 is directed to Equifax and no response is required.

49. Wyndham states that Count I, Paragraph 49 is directed to Equifax and no response is required.

50. Wyndham states that Count I, Paragraph 50 is directed to Equifax and no response is required.

## COUNT II

(Violation of 15 U.S.C. § 1681s-2)

51. Wyndham incorporates by reference its responses to Paragraphs 1-50 as if fully set forth herein.

4839-4355-4516.2

52. Wyndham admits that Plaintiff meets the definition of consumer under 15 U.S.C. § 1681a(c).

53. Wyndham admits that it meets the definition of person 15 U.S.C. § 1681a(b).

54. Wyndham denies the allegations in Paragraph 54 and affirmatively states that it conducted a timely and reasonable investigation into notices of dispute about Plaintiff.

55. Wyndham denies the allegations in Paragraph 55 and affirmatively states that it conducted a timely and reasonable investigation into notices of dispute about Plaintiff, and reviewed all relevant information provided by Equifax.

56. Wyndham denies the allegations in Paragraph 56.

57. Wyndham denies the allegations in Paragraph 57.

58. Wyndham denies the allegations in Paragraph 58.

## PRAYER FOR RELIEF

Wyndham denies that Plaintiff is entitled to any relief set forth in his Prayer For Relief including subparts A-F.

## TRIAL BY JURY

Wyndham admits that Plaintiff has demanded a trial by jury but denies that Wyndham is liable to Plaintiff in any way.

Wyndham denies every allegation of the Complaint not expressly admitted.

## WYNDHAM'S AFFIRMATIVE DEFENSES

For its affirmative defenses to all claims for relief, Wyndham states the following:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Wyndham.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Wyndham maintains, and has maintained at all pertinent times, reasonable policies and procedures in place to ensure that it is meeting all of its compliance requirements under the FCRA.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's alleged loss, including, and/or damages did not result from any breach, act or omission of Wyndham.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were not caused by Wyndham, but by Plaintiff or another person or entity for which Wyndham is not responsible.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff has not suffered any loss, injury, or damages as a result of the conduct alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege – and cannot prove – any factual circumstances that would entitle Plaintiff to a recovery of punitive damages from Wyndham.

## EIGHTH AFFIRMATIVE DEFENSE

At all relevant times herein, Plaintiff's alleged damages, which Wyndham denies exist, were aggravated by Plaintiff's failure to use reasonable diligence to mitigate the same.  Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

4839-4355-4516.2

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's revised timeshare agreement with Wyndham constituted a novation of the original timeshare agreement. Upon Plaintiff's purported rescission of the revised timeshare agreement, Plaintiff's and Wyndham's obligations to each other reverted back to the original timeshare agreement.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's purported cancellation, closure, or rescission of the original timeshare agreement and/or the revised timeshare agreement was obtained through fraud, deceit, and/or misrepresentation. In January and February 2018, Plaintiff and Wyndham engaged each other in attempt to revise the original agreement. Plaintiff demanded that Wyndham cancel or close the original agreement prior to Plaintiff signing the revised agreement. Wyndham explained to Plaintiff that once the revised agreement was signed and the money already placed in the original agreement was transferred into the revised agreement, that the original agreement would be closed. Plaintiff did execute the revised agreement. Plaintiff never intended to perform under the revised agreement and engaged in a pattern of misleading communications with Wyndham by which he promised to perform under the revised agreement if Wyndham closed the original agreement. Plaintiff then purportedly rescinded the revised agreement to escape performance under both the original and revised agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Wyndham reserves the right to amend and/or assert additional defenses it learns through the course of discovery.

## WYNDHAM'S PRAYER FOR RELIEF

WHEREFORE, Wyndham prays for judgment as follows:

    A.    That the Complaint be dismissed with prejudice and that judgment be entered in favor of Wyndham against Plaintiff.

    B.    That Plaintiff take nothing by way of the Complaint; and

    C.    That Wyndham be awarded such other and further relief as the Court deems just and proper.

Dated: December 18, 2020

Respectfully submitted,

s/ *Coleman T. Lechner*
Coleman T. Lechner
Foley & Lardner LLP
600 17th St., Suite 2020S
Denver, CO 80202
720.437.2006
clechner@foley.com

*Attorneys for Defendant Wyndham Resort Development Corporation d/b/a Worldmark by Wyndham*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2020, I caused the foregoing to be filed by CM/ECF which provides notice to:

All Counsel of record

s/ *Coleman T. Lechner*

12

4839-4355-4516.2