IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-CV-3028-LTB-NYW

MARK D. REMALY, an individual

       Plaintiff(s),

v.

EQUIFAX INFORMATION SERVICES, LLC, a Georgia limited liability company; and WYNDHAM RESORT DEVELOPMENT CORPORATION d/b/a WorldMark by Wyndham, an Oregon corporation,

       Defendant(s).

---

### STIPULATED PROTECTIVE ORDER

---

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure in this Proceeding (described in the above caption).

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the privacy or business interests of the parties, including but

00060173. 1
4817-3572-8084.1

not limited to: medical and personal financial information, private personnel information, trade secrets, and other proprietary business information. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the designating party or further Order of the Court, be disclosed except that such information may be disclosed to:

a. attorneys actively working on this case and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

b. the parties, including their designated representatives and counsel;

c. expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

d. the Court and its employees ("Court Personnel") and the jury at trial;

e. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

f. deponents, witnesses, or potential witnesses;

g. the Colorado Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law, including, but not limited to, C.R.S. § 10-1-128(5)(a) and Colo. Ins. Reg. 6-5-1;

h. anyone as otherwise required by law; and

                i.      other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person identified in sub-paragraph 4(c) (expert witnesses and consultants) or sub-paragraph 4(f) (deponents, witnesses, or potential witnesses), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment, in the form attached hereto as Exhibit A, stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review if demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL<u>, after good faith review by counsel of record,</u> by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript.  All testimony shall be treated as CONFIDENTIAL information until the 30-day period has expired.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The

written notice shall identify the information to which the objection is made and the basis for that objection. If the parties cannot resolve the objection within 10 business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to initiate a hearing utilizing this Court's discovery dispute procedures set forth in Magistrate Judge Wang's Civil Practice Standards. If such a hearing is timely pursued, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court issues a ruling on the dispute. If the designating party fails to pursue a hearing within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. The party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any document, testimony or information during discovery in this Proceeding without a "CONFIDENTIAL" designation, shall be without prejudice to any claim that such item is "CONFIDENTIAL" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any document, testimony or information that is subject to a "CONFIDENTIAL" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject document, testimony or information designated as "CONFIDENTIAL" (the "Inadvertent Production Notice").

Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced document, testimony or information shall promptly destroy the inadvertently produced document, testimony or information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such document, testimony or information to counsel for the producing Party and shall retain only the "CONFIDENTIAL" designated Materials.  Should the receiving Party choose to destroy such inadvertently produced document, testimony or information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.  This provision is not intended to apply to any inadvertent production of any information protected by attorney-client or work product privileges.  In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of documents, testimony or information, such law shall govern.

10. Unless other arrangements are agreed upon in writing by the parties, within 30 days of the final determination of this action, each person or party who has received CONFIDENTIAL information shall be obligated to return the CONFIDENTIAL information, including any copies, to the designating party, or the receiving party may elect to destroy the CONFIDENIAL information, including any copies, and certify that it has been destroyed.  The receiving party, however, need not destroy or return (a) any Confidential information that it is required by law to maintain or (b) one archival copy of all deposition transcripts and all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to CONFIDENTIAL information.

11. Any request to restrict public access to materials designated as CONFIDENTIAL pursuant to this Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2. <u>Nothing in this Order may be construed as restricting any document and/or information from the public record.</u>

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED:  December 22, 2020                     BY THE COURT:

*[signature]*
United States Magistrate Judge

## **EXHIBIT A**

## **CERTIFICATION RE CONFIDENTIAL DISCOVERY INFORMATION**

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential information supplied in connection with the Proceeding, (*Remaly v. Wyndham Resort Development Corporation*, et al., 20-cv-03028-LTB-NYW, U.S. District Court for the District of Colorado). I certify that I understand that the Confidential information is provided to me subject to the terms and restrictions of the Stipulated Protective Order filed in this Proceeding. I have been given a copy of the Stipulated Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential information, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulated Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential information obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential information provided to me in the Proceeding in a secure manner, and that all copies of such information are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such information will be returned to counsel who provided me with such information.

I declare under penalty of perjury, that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.

DATED:_____ BY: _____
Signature

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone Number