IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**MAGISTRATE JUDGE NINA Y. WANG**

| Civil Action: | 20-cv-03028-LTB-NYW | Date: | March 25, 2021 |
|---|---|---|---|
| Courtroom Deputy: | Brandy Wilkins | FTR: | NYW-FTR* |

| *Parties* | *Counsel* |
|---|---|
| MARK D. REMALY, | Daniel J. Vedra |
| **Plaintiff,** | |
| v. | |
| WYNDHAM RESORT DEVELOPENT CORPORATION, | Christi A. Lawson |
| **Defendant.** | |

### COURTROOM MINUTES/MINUTE ORDER

**TELEPHONIC DISCOVERY CONFERENCE**

Court in Session:  9:31 a.m.

Appearance of counsel.

Parties discuss issues outlined in the Discovery Dispute Chart, Remaly Position Statement, and Wyndham Amended Responses to Plaintiff's First Set of Discovery, all submitted directly to chambers.

Discussion regarding the dismissal of Defendant Equifax Information Services, LLC in the First Amended Complaint [33] filed March 4, 2021. The court is inclined to have the Plaintiff file a Second Amended Complaint which excludes Equifax.

**ORDERED: Plaintiff will file a Second Amended Complaint omitting Equifax Information Services, LLC as a party in the caption and in the "Parties" section of the pleading no later than March 20, 2021.  Defendant Wyndham Resort Development Corporation will file an Answer to such Second Amended Complaint no later than April 6, 2021.**

Parties discuss the Preliminary Statement to which Plaintiff objects.

**ORDERED: The Preliminary Statement does not modify the parties' obligation to comply with the Federal Rules of Civil Procedure, including Rule 26(e).**

Discussion held regarding Interrogatory No. 1.

**ORDERED: Defendant shall supplement its response to Interrogatory No. 1 including the names of the corporate representatives on or before March 29, 2021.**

Discussion held regarding Interrogatory No.'s 3 and 4.

**ORDERED: Defendant shall supplement its response to Interrogatory No.'s 3 and 4 including what specifically was produced on or before March 29, 2021.**

Discussion held regarding Interrogatory No. 5.

**ORDERED: Defendant shall supplement its response to Interrogatory No. 5 including the factual steps on or before March 29, 2021.**

Discussion held regarding Interrogatory No. 10.

**ORDERED: Parties should meet and confer to see if the is a more appropriately specific interrogatory.**

Discussion held regarding Interrogatory No. 11.

**ORDERED: The court will not compel a further response to Interrogatory No. 11.**

Discussion held regarding Request for Production No.'s 4 and 5.

**ORDERED: Parties shall meet and confer to see if this information is captured through other discovery requests. Parties shall submit a Joint Status Report on or before April 1, 2021 informing the court on the status of this issue. The court RESERVES ruling on this dispute.**

Discussion held regarding Request for Production No.'s 7 and 8.

**ORDERED: Defendant shall supplement its response to Request for Production No.'s 7 and 8 on or before March 29, 2021. Parties should be on notice that depositions may need to be reopened. Parties should update the court on this issue in the Joint Status Report due April 1, 2021.**

Discussion held regarding Request for Production No. 11.

**ORDERED: The court will not compel a further response to Request for Production No. 11.**

Discussion held regarding Request for Production No. 12 regarding punitive damages.

**ORDERED: The court understand from the statement of defense counsel, as an officer of the court, that no documents currently exist that are responsive to this Request for Production as limited to this particular Defendant, as opposed to the overall corporate entity.  On this record, and without evidence establishing more exists, the court cannot compel a document a document that does not exist.  *Smith v. Pizza Hut, Inc.*, No. 09–cv–01632–CMA–BNB, 2013 WL 1751850, at \*3 (D. Colo. Apr. 23, 2013). Rule 34 also does not require a party to generate a non-existent document. *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01–cv–01644–REB–CBS, 2010 WL 502721, at \*14 (D. Colo. Feb. 8, 2010).  Therefore, the court will not compel the further response to Request for Production No. 12 at this time.**

Discussion held regarding Request for Production No. 15.

**ORDERED: Defendant shall supplement its response to Request for Production No. 15 on or before March 29, 2021.**

Discussion held regarding the privilege log.

**ORDERED: The court RESERVES ruling on this dispute. Parties should update the court on this issue in the Joint Status Report due April 1, 2021. The privilege log should be included.**

Court in Recess: 10:51 a.m.              Hearing concluded.              Total time in Court:  01:20

\*To order transcripts of hearings, please contact either AB Litigation Services at (303) 629-8534 OR Patterson Transcription Company at (303) 755-4536.