# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:  20-cv-3028-LTB-NYW

MARK D. REMALY, an individual,

        Plaintiff,

v.

WYNDHAM RESORT DEVELOPMENT CORPORATION d/b/a WorldMark by Wyndham, an Oregon corporation,

        Defendants.

## SECOND AMENDED COMPLAINT

### INTRODUCTION

1. This is an action to enforce the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("**FCRA**"), which protects consumers from unfair credit reporting methods and ensures that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a).  Plaintiff Mark D. Remaly ("**Plaintiff**") twice purchased—and twice rescinded—a timeshare membership contract with Wyndham Resort Development Corporation d/b/a WorldMark by Wyndham ("**Wyndham**").  Following Plaintiff's second rescission of his contract with Wyndham, Wyndham furnished negative credit information to Equifax Information Systems LLC ("**Equifax**"), stating that Plaintiff owed Wyndham money and Wyndham had "repossessed" some unknown collateral.

2. The information that Wyndham furnished to Equifax was false. Wyndham did not repossess anything. So Plaintiff made multiple disputes to Equifax and TransUnion, another consumer reporting agency to whom Wyndham furnished the inaccurate credit information. Although TransUnion ultimately determined that the Plaintiff was correct, and Wyndham had furnished information about Plaintiff that was inaccurate or could not be verified, Equifax was recalcitrant. Equifax continued to include the inaccurate information in Plaintiff's credit file. This caused significant harm to Plaintiff's credit standing.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5. Plaintiff is an individual who resides in the City and County of Broomfield, State of Colorado.

6. Wyndham is an Oregon corporation with a principal place of business at 6277 Sea Harbor Drive, Orlando, Florida 32821.

7. Wyndham may be served via its registered agent Corporate Creations Network Inn. At 5708 SE 136th Avenue, Suite 2, Portland, Oregon 97236.

## FACTS

8. On or about October 12, 2017, Plaintiff purchased "Vacation Credits" in "WorldMark, The Club", a timeshare ownership scheme.

9. The contract executed to purchase these Vacation Credits was deficient because it failed to deliver all credits promised, in writing, to Plaintiff.

10. On February 2, 2018, Wyndham agreed to cancel the first contract and Plaintiff and Wyndham agreed to enter into a second, replacement contract.

11.  On February 9, 2018, Plaintiff and Wyndham entered into a new contract for the same timeshare ownership scheme.

12.  On February 14, 2018, Wyndham confirmed in writing that the first contract was rescinded.

13.  The second contract was again deficient because the contract did not provide all credits promised, in writing, to Plaintiff, and "maintenance fees" had increased.

14.  Within the period provided by the contract and applicable law, Plaintiff rescinded the second contract.

15.  On February 20, 2018, Wyndham confirmed again that the first contract was closed.

16.  On February 27, 2018, Wyndham confirmed that the second contract was rescinded.

17.  On October 18, 2018, Wyndham sent a "final notice" stating that Plaintiff owed $9,249.00 on the first contract that was cancelled and confirmed as closed.

18.  On or about January 1, 2020, Wyndham first furnished information to Equifax stating that Plaintiff owed $9,249.00 to Wyndham.

19.  This information was false as Plaintiff owed no obligation to Wyndham.

20.  On or about January 1, 2020, Wyndham also furnished information to Equifax that there had been an "involuntary repossession".

21.  This information was false as Wyndham did not, and could not, repossess anything.

22.  Wyndham does not have any documentation confirming that it actually repossessed collateral belonging to Plaintiff.

23.  On or about January 22, 2020, Plaintiff disputed Wyndham's inaccurate credit reporting through Equifax.

24. Having received and acknowledged Plaintiff's January 22, 2020 dispute, Equifax requested that Wyndham verify the accuracy of the disputed information and provided Wyndham with the information Plaintiff supplied concerning the dispute.

25. On or about January 30, 2020, Wyndham responded to the dispute and confirmed that all aspects of its credit reporting to Equifax were accurate.

26. On or about January 31, 2020, Equifax allegedly completed its first investigation of the inaccurate credit reporting. Equifax determined that the information was accurate and did not remove the inaccurate information from Plaintiff's credit file.

27. On or about April 19, 2020, Plaintiff again disputed the inaccurate credit information, this time by letter, and included complete documentary evidence showing that the contract upon which the "repossession" was allegedly based had been rescinded.

28. Having received and acknowledged Plaintiff's April 19, 2020 dispute, Equifax requested that Wyndham verify the accuracy of the disputed information and provided Wyndham with the information Plaintiff supplied concerning the dispute.

29. On or about May 5, 2020, Wyndham responded to the dispute and confirmed that all aspects of its credit reporting to Equifax were accurate.

30. On or about May 5, 2020, Equifax allegedly completed its second investigation of the inaccurate credit reporting. Equifax again determined that the information was accurate and did not remove the inaccurate information from Plaintiff's credit file.

31. On or about May 16, 2020, Plaintiff again disputed the inaccurate credit information, again by letter, and included complete documentary evidence showing that the contract upon which the "repossession" was allegedly based had been rescinded. This time, Plaintiff also attached the results of a similar dispute made to TransUnion, who correctly removed the inaccurate information from Plaintiff's TransUnion credit file.

32. Neither Equifax nor Wyndham have a record of Plaintiff's May 16, 2020, dispute.

33. On June 12, 2020, Wyndham's internal communications confirmed that: (1) both of Plaintiff's contracts were confirmed by Wyndham, in writing, to have been rescinded; (2) Plaintiff never agreed that rescinding the second contract would reinstate the first contract; (3) all money that Mr. Remaly paid to Wyndham should be refunded; and (4) all contracts between Plaintiff and Wyndham were or should be rescinded.

34. On or about July 7, 2020, Plaintiff again disputed the inaccurate credit information, again by letter, and included complete documentary evidence showing that the contract upon which the "repossession" was allegedly based had been rescinded.

35. On or about July 14, 2020, Equifax received Plaintiff's July 7, 2020, dispute, and forwarded the dispute to Wyndham.

36. On or about July 21, 2020, Wyndham completed its investigation of Plaintiff's credit dispute.

37. By July 21, 2020, Wyndham had agreed and acknowledged internally that (1) Plaintiff did not owe Wyndham any money; (2) Wyndham owed Plaintiff a refund; and (3) all of Plaintiff's contracts with Wyndham had been rescinded.

38. On July 21, 2020, Wyndham knew or should have known that (1) Plaintiff did not owe Wyndham any money; (2) Wyndham owed Plaintiff a refund; and (3) all of Plaintiff's contracts with Wyndham had been rescinded.

39. On July 21, 2020, Wyndham nevertheless responded to Plaintiff's credit dispute and falsely verified that: (1) Plaintiff had a time share loan with Wyndham; (2) Wyndham had repossessed the collateral securing the time share loan; (3) Plaintiff may owe a balance to Wyndham; and (4) Plaintiff previously owed Wyndham a balance of $9,249.00.

40. On or about July 21, 2020, Equifax allegedly completed its third investigation of the inaccurate credit reporting. Equifax again determined that the information was accurate and did not remove the inaccurate information from Plaintiff's credit file.

41. In reviewing Plaintiff's disputes, Equifax failed to review the documents provided to Equifax showing that no repossession occurred and no balance was owed, and Equifax failed to update or delete the negative entry from Wyndham.

42. In response to the disputes, Wyndham did not conduct a reasonable investigation, including reviewing its own records and the records provided by Plaintiff and sent to Wyndham by Equifax, showing that the contract had been acknowledged as rescinded, no repossession could or did occur, and Plaintiff never owed a balance to Wyndham.

43. In response to the disputes, Wyndham did not modify or delete information that was inaccurate.

44. In response to the disputes, Wyndham did not modify or delete information that could not be verified.

45. In response to the disputes, Wyndham did not even update its entry to "disputed" until the third time Plaintiff disputed the account.

46. Both Equifax and Wyndham had sufficient documentation to determine, upon a reasonable investigation, that the account was erroneously reporting as a repossession when, in fact, no repossession occurred or could have occurred.

47. Both Equifax and Wyndham acted recklessly in disregarding Plaintiff's statutory rights under the FCRA.

48. During the pendency of Plaintiff's disputes, and while Plaintiff's credit file and reports reflected that he had been subjected to an "involuntary repossession" and owed Wyndham a delinquent obligation, Plaintiff applied for and was denied a checking account.

49. During the pendency of Plaintiff's disputes, and while Plaintiff's credit file and reports reflected that he had been subjected to an "involuntary repossession" and owed Wyndham a delinquent obligation, Plaintiff refrained from applying for credit because he worried that he would be denied his credit application due to the inaccurate credit reporting.

50. Only after Plaintiff complained to the Florida Attorney General's Office of Citizen Services did Wyndham agree to cause the negative and inaccurate credit reporting to be deleted from Plaintiff's file and reports.

51. This action does not constitute a request or authorization for any defendant or its representative to access plaintiff's credit file in existence on or after the date hereof.

## COUNT II
### (Violation of 15 U.S.C. § 1681s-2)

52. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

53. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1681a(c).

54. Wyndham is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

55. Following the receipt of a notice of dispute from Equifax concerning the accuracy of information provided by Wyndham to Equifax about Plaintiff, Wyndham failed to conduct an investigation with respect to the disputed information in violation of 15 U.S.C. § 1681s-2(b)(1)(A).

56. Following the receipt of a notice of dispute from Equifax concerning the accuracy of information provided by Wyndham to Equifax about Plaintiff, Wyndham failed to review all relevant information provide by Equifax in its notification of dispute in violation of 15 U.S.C. § 1681s-2(b)(1)(B) .

57. Following the receipt of a notice of dispute from Equifax concerning the accuracy of information provided by Wyndham to Equifax about Plaintiff, Wyndham failed

to modify, delete, or block reporting of the inaccurate or unverifiable information in violation of 15 U.S.C. § 1681s-2(b)(1)(E).

58.     As a direct and proximate result of Wyndham's conduct, Plaintiff suffered actual damage including damage to credit reputation, reduction of credit score, expenses and time lost connected with the effort to correct the credit record, denial of credit, anxiety, embarrassment, frustration, and similar garden variety emotional distress.

59.     Plaintiff is entitled to damages as prayed for in this Complaint in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mark D. Remaly prays for relief and judgment against Wyndham Resort Development Corporation, as follows:

A.     Awarding Plaintiff actual damages of at least $100.00 and no more than $1,000.00 against Wyndham Resort Development Corporation under 15 U.S.C. § 1681n(a)(1)(A);

B.     Awarding Plaintiff punitive damages against Wyndham Resort Development Corporation for willful violations of the FCRA under 15 U.S.C. § 1681n(a)(2);

C.     Awarding Plaintiff his actual damages against Wyndham Resort Development Corporation under 15 U.S.C. § 1681o(a)(1);

D.     Awarding Plaintiff his reasonable attorney fees and costs under 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2);

E.     Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

F.     Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 30, 2021

                                                  Respectfully submitted,

                                                  /s/ Daniel J. Vedra
                                                  Daniel J. Vedra
                                                  Vedra Law LLC
                                                  1444 Blake Street
                                                  Denver, CO 80202
                                                  Phone: (303) 937-6540
                                                  Fax: (303) 937-6547
                                                  Email: dan@vedralaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the date first written above the foregoing was served CM/ECF on all parties of record.

/s/ Daniel J. Vedra
Daniel J. Vedra