**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-03028-LTB-NYW

MARK D. REMALY,

      Plaintiff,

v.

WYNDHAM RESORT DEVELOPMENT CORPORATION, d/b/a
WORLDMARK BY WYNDHAM,

      Defendant.

---

**MINUTE ORDER**

---

Entered by Magistrate Judge Nina Y. Wang

      Pending before the court is Defendant Wyndham Resort Development Corporation's ("Defendant" or "Wyndham") Opposed Motion for 21-Day Extension of Time for Defendant to Disclose Expert Report and Supporting Memorandum of Law (or "Motion") [#43, filed April 13, 2021], which was referred to this Magistrate Judge pursuant to 28 U.S.C. §636(b), the Order of Reference dated December 4, 2020 [#15], and Memorandum dated April 14, 2021 [#45]. Defendant's Motion seeks a 21-day extension of the deadline to disclose affirmative expert witness reports. [#43].

      As courts in this District have repeatedly observed, a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *E.g., Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014). Indeed, a Scheduling Order is an important tool used for the orderly preparation of a case for trial and to avoid surprise to the parties and to the court. *Id.* Accordingly, Rule 16(b)(4) of the Federal Rules of Civil Procedure expressly provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This court repeated the same admonition in the Scheduling Order entered in this matter. [#18 at 10].

      "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). *See also Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988–89 (10th Cir. 2019) (the party seeking extension of a deadline set in a scheduling order bears the burden of demonstrating that it has been diligent in obtaining discovery). "This burden is satisfied, for example, when a party learns of new information in a deposition or that the governing law has changed." *Gorsuch*, 771 F.3d at 1240. "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses

on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

In the instant Motion, Defendant does not address its burden under Rule 16(b). [#43]. Instead, Defendant argues for an extension under Federal Rules of Civil Procedure 26(a) and 37(c). [*Id.* at 3–5]. *See also* Fed. R. Civ. P. 26(a)(2)(D) (governing the timing of expert report disclosures); Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). In so doing, Defendant argues that (1) there is no prejudice or surprise to Plaintiff because Defendant's counsel met and conferred with Plaintiff's counsel regarding Defendant's proposed extension of time on April 11, 2021;[1] (2) Defendant can cure any prejudice to Plaintiff by providing the disclosure immediately and the expert report within 21 days of the deadline; (3) the requested relief would not disrupt the trial in this case, presently set for April 2022; and (4) Defendant's delay in filing its expert disclosure was done not in bad faith but "due to a misunderstanding in Defendant's counsel's office," [#43 at 5].

In his opposition to Defendant's requested extension, Plaintiff Mark D. Remaly ("Plaintiff" or "Mr. Remaly") correctly points out that Defendant argues for its requested extension under the wrong standard. [#47 at 4]. This error notwithstanding, I construe Defendant's arguments under the applicable Rule 16(b) standard for purposes of resolving this Motion.

Plaintiff argues that Defendant has not been diligent and thus, has not met its burden to warrant an extension of the April 12, 2021 affirmative expert disclosure deadline in this case.[#47 at 5]. Plaintiff explains that in March 2021, three months after entry of the Scheduling Order in this matter, Wyndham intentionally requested dates for Plaintiff's deposition in the final weeks of April—weeks after the expert disclosure deadline—and now claims to need Plaintiff's deposition testimony before disclosing its expert report. [*Id.*]. Plaintiff further explains that Defendant fails to demonstrate that its need for additional time to disclose its expert was unforeseeable. [*Id.*]. According to Plaintiff, Wyndham's decisions to delay serving written discovery for three months and then set Plaintiff's deposition for a date after the affirmative expert disclosure deadline are "not the product of some unforeseeable circumstance" but instead "the consequence of failing to seek discovery within a reasonable time." [*Id.* at 6].

Based upon the chronology of events as set forth in the Parties' briefing and the docket, this court finds that Defendant was not diligent in pursuing Plaintiff's deposition within a timeframe that would permit Defendant's yet-to-be-disclosed expert to include such testimony in their expert report. To be sure, this court is sympathetic to defense counsel's personal circumstances. However, Defendant offers no explanation for its decision to schedule Plaintiff's deposition for a date after the affirmative expert disclosure deadline, despite Defendant's assertion that its expert cannot propound a complete expert report until such testimony is obtained. *See Tesone*, 942 F.3d at 988–89. Defendant elected to forego serving written discovery and scheduling

---

[1] To the extent Defendant relies on its conferral with Plaintiff on April 11, the day before affirmative expert disclosures were due, to demonstrate that there was no "surprise" to Plaintiff, [#43 at 5], this court finds such an argument wholly unpersuasive.

Plaintiff's deposition until the eleventh hour, and now seeks yet another extension to mitigate the foreseeable consequences of its actions. This court will not reward Defendant's choice to delay serving written discovery or scheduling Plaintiff's deposition with a 21-day extension of time to disclose Defendant's expert report. Instead, the instant Motion is **GRANTED IN PART and DENIED IN PART**. Defendant shall serve its expert report on Plaintiff **by no later than April 28, 2021**.

Finally, Wyndham fails to explain why it did not immediately disclose the identity, CV, and subject matter of its expert testimony, notwithstanding Wyndham's representation to the court that only the expert report remains outstanding. *See* [#43]. Wyndham shall **DISCLOSE** to Plaintiff the name, CV, and areas of expert testimony of its affirmative expert **by no later than April 21, 2021**.

Accordingly, **IT IS ORDERED** that:

(1)  Defendant's Opposed Motion for 21-Day Extension of Time for Defendant to Disclose Expert Report and Supporting Memorandum of Law [#43] is **GRANTED IN PART and DENIED IN PART**;

(2)  Defendant shall **SERVE** its expert report on Plaintiff **by no later than April 28, 2021**; and

(3)  Defendant shall **DISCLOSE** the name, CV, and areas of expert testimony of its affirmative expert to Plaintiff **by no later than April 21, 2021**.

DATED:  April 20, 2021