**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-CV-3028-LTB-NYW

MARK D. REMALY, an individual

    Plaintiff(s),

v.

WYNDHAM RESORT DEVELOPMENT CORPORATION d/b/a WorldMark by Wyndham, an Oregon corporation,

    Defendant(s).

---

## <u>UNOPPOSED</u> MOTION TO MODIFY SCHEDULING ORDER

---

Plaintiff Mark D. Remaly, by and through his undersigned counsel, respectfully requests the Court to modify the scheduling order to extend the discovery deadline.   As grounds therefor, Plaintiff states as follows.

### D.C.Colo.LCivR 7.1(a) CERTIFICATE OF CONFERRAL

Undersigned counsel certifies that he has conferred with counsel for Defendant Wyndham Resort Development Corporation d/b/a WorldMark by Wyndham, who does not oppose this relief.

### D.C.Colo.LCivR 6.1(c) CERTIFICATE OF SERVICE

Undersigned counsel certifies that he has served this motion contemporaneously on his client.

## I.    INTRODUCTION

This is an action against Wyndham Resort Development Corporation d/b/a Worldmark by Wyndham's ("**Wyndham**") under the Fair Credit Reporting Act, 15 U.S.C. §

1681 *et seq.* (the "**FCRA**").  Plaintiff's primary damages are emotional distress and loss of quality of life.  To this end, Plaintiff disclosed his therapist Dr. Leslie Hannon as a non-retained expert witness under Fed. R. Civ. P. 26(a)(2)(C) on April 12, 2021.  Subsequent to disclosing Dr. Hannon, the parties conducted mediation, written discovery, a deposition of Plaintiff, and depositions of retained experts.  Due to scheduling conflicts between witnesses and counsel, the parties were unable to schedule Dr. Hannon's deposition before the expiration of the discovery deadline.  Consequently, Plaintiff seeks to extend this time to permit the deposition of Dr. Hannon.

## II.    STANDARD OF REVIEW

The scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment."  Colo. Visionary Acad. v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000). "'In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts.'" Tesone, 942 F.3d at 988 (quoting Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n, 771 F.3d 1230, 1241 (10th Cir. 2014)).   "Trial courts have considerable discretion in determining what kind of showing satisfies this good cause standard." Id. (quotations and ellipsis omitted).  "In making this determination, the factor on which courts are most likely to focus is the relative diligence of the lawyer who seeks the change.  Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." Id. (quotations and ellipses omitted). While possible prejudice to the opposing party is a consideration, "the focus of the inquiry is

upon the moving party's reasons for seeking modification." Id. (quoting and citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

## III.    ARGUMENT

Plaintiff submits that good cause exists to extend the discovery deadline for the sole purpose of taking the deposition of Dr. Hannon.  During the past two months, the parties have worked diligently to complete discovery and to attempt to resolve this case through mediation.  Despite their best efforts to complete discovery, Dr. Hannon's deposition could not be scheduled until after the completion of other discovery, including three depositions and mediation.  This happened to coincide with periods when both Plaintiff's and Defendant's counsel were traveling for extended periods of time.  Rather than schedule the deposition on June 14, 2021, the last day for fact discovery and a date when Plaintiff's counsel will be on a family vacation, the parties have agreed that Dr. Hannon's deposition may occur on or after June 21, 2021, but before July 2, 2021.  The parties have already exchanged dates and will schedule the deposition promptly upon an order from the Court extending the deadline.

Further, the extension of the discovery deadline is unlikely to impact any other deadlines in this case.  The dispositive motion deadline is July 14, 2021, a final pretrial conference is set for August 16, 2021, and trial is set for April 4, 2022.  Taking Dr. Hannon's deposition at the end of June will not impact any of these deadlines.

## IV.    CONCLUSION

The parties have worked diligently to complete expert discovery in this case and there will be no prejudice to either party if the discovery deadline is extended until July 2, 2021 for the purposes of taking Dr. Hannon's deposition.

WHEREFORE, Plaintiff Mark D. Remaly respectfully requests that the Court amend the scheduling order to extend the discovery deadline until July 2, 2021.

Dated: June 3, 2021

Respectfully submitted,

Vedra Law LLC

/s/ Daniel J. Vedra
Daniel J. Vedra
**Attorneys for Plaintiff**

### CERTIFICATE OF SERVICE

I hereby certify that on the date first written above the foregoing was served CM/ECF on all parties of record.

/s/ Daniel J. Vedra
Daniel J. Vedra