# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-CV-3028-LTB-NYW
_____

VIDEOCONFERENCE DEPOSITION OF
LOVELYN SARMIENTO
as (30)(b)(6) representative of
WYNDHAM RESORT DEVELOPMENT CORPORATION
_____

MARK D. REMALY, an individual,

    Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES, LLC, a
Georgia limited liability company; and
WYNDHAM RESORT DEVELOPMENT CORPORATION,
d/b/a WorldMark by Wyndham, an Oregon
Corporation,

    Defendants.

_____

    PURSUANT TO NOTICE, the videoconference deposition of LOVELYN SARMIENTO as 30(b)(6) representative of Wyndham Resort Development Corporation was taken on behalf of Plaintiff Mark D. Remaly at 4348 Duck Harbor Avenue, North Las Vegas, Nevada, on March 30, 2021 at 9:03 a.m., before Leeann L. Stellor, Registered Merit Reporter and Notary Public within Colorado.

```
 1        Q.    And how much time per day does Ms. Barber
 2   spend on responding to credit disputes?
 3        A.    It really depends.
 4        Q.    I believe Ms. Barber testified that she
 5   spends anywhere from three to four hours or four to
 6   five hours per day.  Does that sound accurate to
 7   you?
 8        A.    Yes.
 9        Q.    And do you know how many credit disputes
10   she responds to, on average, per day?
11        A.    I don't know the number off the top of my
12   head per day because it can vary depending on our
13   queue.
14        Q.    But there's a queue for credit disputes
15   for Wyndham Resort Development Corporation, correct?
16        A.    That's correct.
17        Q.    And on average, that queue has a hundred
18   items in it on any given day?
19        A.    Just about.
20        Q.    And Ms. Barber doesn't respond to all of
21   those every single day, though, correct?
22        A.    No.  It really depends on the queue and
23   how many coming in.
24        Q.    And --
25        A.    But we do answer it in a timely manner.
```

1    there's no notation, though, of what the dispute is
2    about?
3         A.    Correct.
4         Q.    When Wyndham receives a dispute in the
5    form of an ACDV, the only information that Wyndham
6    retains with respect to that dispute is the fact
7    that a dispute happened and the result of the
8    dispute, right?
9         A.    Yes.
10        Q.    Wyndham doesn't keep any information
11   about the nature of the dispute?
12        A.    Correct.
13        Q.    And Wyndham doesn't keep any notes of
14   what Wyndham did to investigate the dispute?
15        A.    No.
16        Q.    So I think we've established that the
17   first step in responding to an ACDV is to review the
18   information contained in the ACDV; is that right?
19        A.    Yes.
20        Q.    The next step after reviewing the
21   information in the ACDV is to review the information
22   that Wyndham Resort Development Corporation
23   maintains concerning the consumer; is that right?
24        A.    Yes.
25        Q.    Okay.  That information is contained

1    entirely in computer systems, correct?
2        A.   Yes.
3        Q.   And the computer systems that are
4    accessed to evaluate an ACDV are mainframe and
5    Blackbird primarily, correct?
6        A.   Yes.
7        Q.   Are there any other computer systems that
8    are accessed to evaluate a credit dispute?
9        A.   No.
10       Q.   Okay.  And Wyndham does not make a record
11   of what information was reviewed in those computer
12   systems when responding to an ACDV?
13       A.   I don't believe so.
14       Q.   There's no way to tell what information
15   was accessed or reviewed to evaluate the credit
16   dispute?
17       A.   Unless they -- unless Levelyn put that in
18   or there's a need for that to be in there, no.
19       Q.   So unless Ms. Barber kept detailed notes
20   of every piece of information she reviewed in
21   responding to a credit dispute, there would be no
22   record of what she reviewed in responding to the
23   credit dispute?
24       A.   Well, no, there's no notes.  I mean,
25   outside of the system, there would be no notes.

```
 1                    REPORTER'S CERTIFICATE

 2              I, LEEANN L. STELLOR, Registered Merit

 3    Reporter and Certified Realtime Reporter within

 4    Colorado, ID 200401669, appointed to take the remote

 5    deposition of LOVELYN SARMIENTO, do hereby certify that

 6    before the deposition she was duly sworn by me to

 7    testify to the truth; that the deposition was taken by

 8    me, then reduced to typewritten form herein; that the

 9    foregoing is a true transcript of the questions asked,

10    testimony given and proceedings had.

11

12              I further certify that I am not related to

13    any party herein or their Counsel, and have no interest

14    in the result of this litigation.

15

16              In witness hereof I have hereunto set my

17    hand this 12th day of April, 2021.

18                                  _____

19                                  _____
                                    Leeann L. Stellor
20                                  Registered Merit Reporter
                                    Certified Realtime Reporter
21                                  and Notary Public

22

23    My commission expires June 8, 2024

24

25
```