# EXHIBIT G

```
1              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLORADO
2

3    Civil Action No. 20-cv-3028-LTB-NYW

4    MARK D. REMALY, an individual,

5          Plaintiff,

6    v.

7    WYNDHAM RESORT DEVELOPMENT CORPORATION,
     d/b/a Worldmark by Wyndham,
8    an Oregon Corporation,

9          Defendants.

10   _____

11              VIDEOCONFERENCE DEPOSITION
                 OF LESLIE HANNON, PSY.D.
12                    June 28, 2021

13   _____

14         Pursuant to Notice and the Federal Rules of

15   Civil Procedure, the video deposition of LESLIE HANNON,

16   PSY.D., taken by Defendants, was held via remote Zoom

17   videoconference on Monday, June 28, 2021, at 12:57

18   p.m., before Jason T. Meadors, RPR, CRR, CRC, and

19   Notary Public for the State of Colorado.

20

21

22

23

24

25
```

```
 1         A    I do.
 2         Q    What is it?
 3         A    It's a letter I gave -- that I wrote for
 4    Mr. Remaly that I sent that he can submit to his
 5    attorney.
 6         Q    Did you have any understanding of what this
 7    letter would be used for?
 8         A    He gave me some background information.
 9         Q    What was that background information?
10         A    That he was going through legal proceedings
11    with Wyndham and he said that it caused him a lot of
12    stress.
13         Q    Did Mr. Remaly or anyone on his behalf advise
14    you as to what to put in the letter?
15         A    I -- well, I asked him what his symptoms were
16    that he was experiencing related to going through the
17    legal proceedings.
18         Q    Was that at the time that you drafted the
19    letter?
20         A    Yes.  But it was also prior.
21         Q    Who asked you to draft the letter?
22         A    He didn't specifically ask to draft a letter.
23    The conversation was more around what was I able to do
24    to support him.
25         Q    And what was your response?
```

```
 1         A    That this was the limit of what I could
 2   provide.
 3         Q    Why was that?
 4         A    Because my job as a psychologist is to not
 5   advocate for people.  That's not part of my duties.
 6         Q    All right.  I'm going to -- let me know if
 7   you can see defendants Exhibit 53.
 8         A    Okay.  Yes.  The COVID release?
 9         Q    Yes.
10         A    Uh-huh.
11         Q    And I'll quickly scroll through.  It appears
12   to be what's been labeled as your notes.  Does that
13   look like a fair representation of information that
14   you've provided in this case?
15         A    I'm still seeing just that release, but as
16   you're scrolling, yes, these are all documents I
17   recognize.
18         Q    Okay. And I'll point your attention to a
19   specific document.
20              Starting on what I have as page 9 of the PDF
21   of the document, if you can see the Bates number.  You
22   notice at the bottom there are a set of REM 0559,
23   Dr. Hannon.  So I may occasionally refer to what we
24   call a Bates number or document number.  When I'm doing
25   so, I'll direct your attention to this number on the
```

Transcript of Leslie Hannon, Psy.D.
Conducted on June 28, 2021                                    19

```
 1         Q    Is this a document you would have had as part
 2   of your care for Mr. Remaly?
 3         A    No.
 4         Q    Would you have had any information regarding
 5   his medications?
 6         A    Just via self-report.
 7         Q    Do you recall if there were any medications
 8   that you were concerned about that may cause him to
 9   have additional anxiety?
10         A    No.  But I also -- I'm not a medical
11   provider, so I don't delve into medications, really.
12         Q    Dr. Hannon, do you understand that you may be
13   testifying as an expert in this case for Mr. Remaly?
14         A    I've heard that it could come to that.
15         Q    Did you form any expert opinions for this
16   case?
17         A    No.
18              MS. LAWSON:  Dr. Hannon, if you don't mind a
19   five-minute break, I think that's all I have for you,
20   but I want to review my notes to be sure.
21              THE WITNESS:  Okay.
22              MS. LAWSON:  Okay.  Five-minute break,
23   everybody?  Is that fine with you?
24              MR. VEDRA:  Yes.
25              THE WITNESS:  Sure.
```

```
 1                    REPORTER CERTIFICATE

 2           I, JASON T. MEADORS, Registered Professional
     Reporter, Certified Realtime Reporter, Certified
 3   Realtime Captioner, and remote Notary Public of the
     State of Colorado, appointed to take the deposition of
 4
                   LESLIE HANNON, PSY.D.,
 5
     certify that prior to the deposition the witness was
 6   sworn by me to tell the truth; that the deposition was
     taken by me via Zoom videoconference on June 28, 2021.
 7
             I certify that the proceedings were reduced to
 8   typewritten form by computer-aided transcription
     consisting of 23 pages herein; that the foregoing is an
 9   accurate transcript of the proceedings.

10           I certify that I am not related to, employed
     by, of counsel to any party or attorney herein, nor
11   interested in the outcome of this litigation.

12           I further certify review of the transcript was
     requested.
13
             Attested to by me this July 5, 2021.
14

15

16   _____
     
17   Jason T. Meadors, RPR, CRR, CRC
     Meadors Court Reporting
18   800.482.1506
     meadors@meadorsreporting.com
19
     My commission expires
20   January 27, 2025

21
     Re:  Remaly v. Wyndham Resort Development Corporation
22   Reporter:  JM
     Proofer:   SLM
23

24

25
```